NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0083n.06

No. 17-1642

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Feb 20, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| TIMOTHY WARREN VALLIER, | ) | MICHIGAN |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: SILER, BATCHELDER, and DONALD, Circuit Judges.

PER CURIAM. Timothy Warren Vallier challenges the substantive reasonableness of his 264-month sentence. As set forth below, we affirm.

Pursuant to a written plea agreement, Vallier pleaded guilty to an information charging him with attempted sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). From 2012 to 2016, Vallier, a high school rowing coach, used a hidden camera to produce videos of minor female athletes dressing and undressing in changing rooms at the boathouse and another school building. Vallier also downloaded child pornography from the Internet and saved it to his computer. Vallier's total offense level of 43 and criminal history category of I corresponded to a guidelines term of life imprisonment, which was capped at 600 months by the statutory maximum sentences for the two counts of conviction. *See* 18 U.S.C. §§ 2251(e), 2252A(b)(2);

USSG § 5G1.2(b).  Granting a downward variance, the district court sentenced Vallier to a total of 264 months of imprisonment followed by five years of supervised release.

In this timely appeal, Vallier argues that his sentence is substantively unreasonable.[1]  We review the substantive reasonableness of Vallier's sentence under a deferential abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).  "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)."  *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010).  "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor."  *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).  Given "that a sentence within the applicable guidelines range is presumptively reasonable . . . [,] a defendant attacking the substantive reasonableness of a *below*-guidelines sentence has an even heavier burden to overcome."  *United States v. Elmore*, 743 F.3d 1068, 1076 (6th Cir. 2014); *see United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) ("Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden.").  Vallier has not overcome that burden.

In support of his argument that his sentence is excessive, Vallier contends that the district court failed to consider fully a number of sentencing factors.  In imposing the below-guidelines sentence, the district court recognized that Vallier did not upload the videos to the internet or otherwise distribute them and that there was no evidence of inappropriate physical contact with

---

[1] Vallier has withdrawn his challenge to the constitutionality of 18 U.S.C. § 2251(a) and his reliance on *United States v. Corp*, 236 F.3d 325 (6th Cir. 2001), on the basis that this court acknowledged the abrogation of *Corp* in *United States v. Bowers*, 594 F.3d 522 (6th Cir. 2010).

the victims. The district court further noted Vallier's lack of criminal history, his cooperation with authorities once the videos were discovered, his low risk of recidivism, his family support, and his employment history. The district court went on to balance those positive factors against Vallier's abuse of a position of trust and the trauma experienced by the victims. The district court also pointed out that Vallier had pleaded guilty to possession of child pornography, which included a video of a prepubescent girl, and that he was "part of the market that encourages the creation of those kinds of videos." Thus, the record reflects that the district court considered the relevant sentencing factors.

Vallier compares his sentence to lesser sentences imposed in cases involving purportedly more egregious conduct. We have criticized the comparison of a defendant's sentence to sentences imposed in other singular cases. *See United States v. Cox*, 871 F.3d 479, 492 (6th Cir. 2017). Our "review of substantive reasonableness 'starts with the sentencing estimate provided by the Sentencing Commission,' not the sentences received by other individual defendants." *United States v. Kirchhof*, 505 F.3d 409, 416 (6th Cir. 2007) (quoting *United States v. Davis*, 458 F.3d 491, 496 (6th Cir. 2006)). Here, the guidelines called for a sentence of 600 months of imprisonment. Citing sentencing statistics, Vallier contends that the guidelines produced an excessive sentence in his case. But the number of victims and Vallier's pattern of activity substantially enhanced his offense level and took him outside the mine-run case. Over a four-year period, Vallier produced 86 videos depicting 62 identifiable victims. Vallier also argues that the district court gave an unreasonable amount of weight to the guidelines, but his argument is refuted by the fact that the district court granted a significant variance in sentencing him to 264 months—less than half the guidelines sentence.

Further, Vallier contends that his offenses do not fall within the category of offenses that 18 U.S.C. § 2251(a) and USSG § 2G2.1 were meant to address, asserting that these provisions do

not target what he describes as the passive, surreptitious filming of teens who are simply changing clothes. Courts have repeatedly upheld convictions under § 2251(a) where the defendant, with lascivious intent, secretly videoed minors engaged in otherwise innocent activities such as undressing to change clothes or take a shower. *See, e.g.*, *United States v. Miller*, 829 F.3d 519, 524-26 (7th Cir. 2016); *United States v. Holmes*, 814 F.3d 1246, 1251-52 (11th Cir. 2016); *United States v. Johnson*, 639 F.3d 433, 440-41 (8th Cir. 2011).

Finally, Vallier asserts that proposed guidelines amendments for first offenders underscore the substantive unreasonableness of his sentence. In granting a substantial variance, the district court acknowledged Vallier's lack of criminal history. Furthermore, even if Vallier were granted a one- or two-level reduction in accordance with the proposed amendments, his 264-month sentence would still fall below the corresponding guidelines range.

Vallier does not meet his burden to overcome the presumptive reasonableness of his sentence. For these reasons, we **AFFIRM** Vallier's sentence.